**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3842-18T4

GIUSEPPI ARDITO and
GEROLIMA SEBASTIANI,

     Plaintiffs-Appellants,

v.

EMERALD INVESTMENT
REAL ESTATE, LLC, BRITT
J. SIMON, SIMON LAW
GROUP, and TLR-V, LLC,

     Defendants-Respondents.

_____

Argued February 26, 2020 – Decided January 22, 2021

Before Judges Fuentes, Mayer, and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3917-17.

Patrick T. Collins argued the cause for appellants (Skoloff & Wolfe, PC, attorneys; Patrick T. Collins, on the briefs).

Lennart S. Carlson, argued the cause for respondent Emerald Investment Real Estate, LLC (Law Office of

Henry Chudzik, Jr., attorneys; Henry Chudzik, Jr. and Lennart S. Carlson, on the brief).

Audrey L. Shields argued the cause for respondents Britt J. Simon and Simon Law Group (Golden, Rothschild, Spagnola, Lundell, Boylan, Garbuo & Bell, PC, attorneys; Audrey L. Shields, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

On July 5, 2016, plaintiffs Giuseppi Ardito and Gerolima Sebastiani purchased a single family residence located in the Borough of Raritan, Hunterdon County, from defendant Emerald Investment Real Estate, LLC, (Emerald). Plaintiffs retained attorney Britt J. Simon to represent their interest in this transaction. Simon practiced law under "The Simon Law Group," a limited liability corporation with offices located in Somerville. After the closing of title, plaintiffs alleged: (1) Emerald misrepresented the dimension and contours of the property; (2) the rear of the property extended "many feet beyond a board fence" that contained structures used to store materials as well as actual

A-3842-18T4

materials scattered on the site; and (3) the rear of the property had been used by Flemington Block & Supply, a prior owner, as part of its industrial operations.[1]

On June 27, 2017, plaintiffs filed a civil action against Emerald, alleging negligent misrepresentation and fraud. Plaintiffs claimed Emerald misrepresented the size and contours of the property, failed to disclose that prior owners utilized sections of the property to operate an industrial facility, and did not comply with the requirements of the Industrial Site Recovery Act, (ISRA), N.J.S.A. 13:1K-6 to -14. Plaintiffs sought in excess of $280,000 in compensatory damages against Emerald, based on the cost of removing structures and materials left on the property to comply with the requirements of ISRA. Plaintiffs also included a legal malpractice claim against Simon, alleging he negligently failed to perform the investigation necessary to ascertain the actual dimension and condition of the property and ensure plaintiffs obtained clear, marketable title.

---

[1] Emerald purchased the property from TLR-V, LLC., on January 28, 2015. TLR-V, LLC., acquired title to the property on December 30, 2013, in a foreclosure action of a tax sale certificate. Emerald renovated the property and listed it for sale through Weichert Realtors. Plaintiffs originally named TLR-V, LLC., as a defendant in this action. They filed a stipulation of dismissal as to TLR-V on February 11, 2019.

After joinder of issue and engaging in reciprocal discovery, Emerald and Simon both moved for summary judgment primarily based on plaintiffs' failure to present competent evidence to support their claim for compensatory damages. After plaintiffs responded to the motions, the Law Division heard oral argument on March 15, 2019. Judge Gary K. Wolinetz granted defendants' motions for summary judgment and dismissed plaintiffs' cause of action as a matter of law in an order dated March 25, 2019. The judge explained his decision in a memorandum of opinion attached to the order.

Judge Wolinetz applied the standard of review codified in Rule 4:46-2(c) and held that accepting, arguendo, that Emerald negligently and/or intentionally failed to disclose that sections of the property were once used for industrial purposes, plaintiffs did not present any competent evidence or legal authority to render Emerald liable for damages based on the condition of the property. The judge reached the same conclusion with respect to plaintiffs' legal malpractice claims against their closing attorney Simon.

In this appeal,[2] plaintiffs argue Judge Wolinetz erred as a matter of law because, along with acquiring title to the property, they assumed "the

---

[2] Plaintiffs also appealed Judge Wolinetz's denial of their motion for reconsideration. However, our decision to uphold the judge's order granting

(continued)

A-3842-18T4

responsibility for an unsightly, dangerous and potentially contaminated former industrial property, which conferred upon them substantial burdens and no benefit." Although plaintiffs specifically cited in their pleadings ISRA as a source of legal authority for their cause of action, they argue Judge Wolinetz erroneously confined his legal analysis "largely to the question of whether plaintiffs had demonstrated that the [p]roperty was contaminated with hazardous materials."

We disagree with plaintiffs' arguments and affirm substantially for the reasons expressed by Judge Wolinetz in his well-reasoned memorandum of opinion. The following facts are not contested.

Although Emerald listed the property for sale with Weichert Realty, plaintiffs negotiated the purchase price of $355,000 through their own realtor.[3] The parties executed the standard, realtor-prepared form contract and thereafter retained counsel to represent them in the transaction. Plaintiffs personally inspected the property numerous times prior to the closing of title. Indeed, in

---

defendants' motions for summary judgment renders this aspect of the appeal moot.

[3] An independent appraisal of the property obtained by Weichert Financial Services to secure financing valued the property at $370,000.

A-3842-18T4

answers to interrogatories plaintiffs certified they visited the property "six times . . . before making an offer."

Emerald provided plaintiffs with a copy of its title insurance policy which contained a survey endorsement that made clear in a bold bullet point that: "Fences and walls do not coincide with title lines as shown on survey," and "[r]oof of garage hangs over premises adjoin along the westerly property line." Plaintiffs' counsel also had a copy of the survey on May 3, 2016. The closing of title took place on July 5, 2016. Plaintiffs conducted numerous inspections of the property before closing. These inspections included the traditional home inspection, underground storage tank inspection, radon inspection, chimney inspection, and lead paint inspection.

As a measure of damages, plaintiffs claimed the configuration of the property precludes them from constructing an inground swimming pool. However, the record shows they did not raise this issue during contract negotiations. It is undisputed that Weichert delivered clear title to plaintiffs at the closing. Plaintiffs paid the agreed-upon price and obtained their own title insurance in advance of closing. They decided to rely on the survey provided by Emerald and told Simon not to spend the funds necessary to have a new survey prepared. Plaintiffs knew where the property lines were located.

6

Furthermore, the title company accepted the survey from Emerald, which was prepared only one year before plaintiffs took possession.

Plaintiffs' expert report prepared by Donald Bello, LSRP, explicitly stated they were not liable under ISRA. Bello, without citing to any statutory or regulatory authority, opined that the area where dumping occurred was "unusable as a residential property." Judge Wolinetz correctly rejected Bello's unsupported conclusion as a net opinion. Plaintiffs also admitted to Judge Wolinetz that they had not performed any of the testing that Bello recommended in his report.

Judge Wolinetz concluded that plaintiffs had not established any basis from which to rationally determine damages attributable to or proximately caused by defendants. An appraisal of the property conducted by Ryan R. Smith, MAI, SRA to support plaintiffs' damage claims opined that the property's value had not been diminished. Viewing the record in the light most favorable to plaintiffs, as the Supreme Court established in Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), Judge Wolinetz found no basis to uphold any of plaintiffs' claims for damages. The judge listed twenty individual factors that warranted the dismissal of plaintiffs' complaint. We incorporate these factors by refence and adopt them here as part of our rationale to affirm.

"The net opinion rule . . . mandates that experts 'be able to identify the factual bases for their conclusions, explain their methodology, and demonstrate that both the factual bases and the methodology are reliable.'" Townsend v. Pierre, 221 N.J. 36, 55 (2015) (quoting Landrigan v. Celotex Corp., 127 N.J. 404, 417 (1992)). Here, Judge Wolinetz correctly concluded that the opinions expressed by plaintiffs' experts in their reports were merely net opinions, untethered to competent evidence and based purely on speculation.

Plaintiffs did not provide any competent evidence to establish that hazardous substances on the property diminished its value. They were aware of the debris piles before they purchased the property. The title report included a survey endorsement that made clear the property's fences and walls did not coincide with the title lines shown on the survey. They told attorney Simon not to incur the cost of preparing a new survey. In short, plaintiffs were well aware that the property behind the fence was part of the parcel of land they were purchasing. They had ample opportunity to inspect and survey the property prior to purchase. We discern no legal or factual basis to disturb Judge Wolinetz's well-reasoned opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3842-18T4